FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2011 AUG -3 A 9: 40

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

PEOPLE FOR THE ETHICAL TREATMENT )
OF ANIMALS, INC., a Virginia corporation, )
)
       Plaintiff, )
)
v. )    Civil No. 1:11cv809
)            CMH/IDD
UNITED STATES FISH AND WILDLIFE SERVICE; )
ROWAN GOULD, in his official capacity as Acting )
Director, United States Fish and Wildlife Service; and )
KEN SALAZAR, in his official capacity as Secretary, )
United States Department of the Interior, )
)
       Defendants. )
)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.    Plaintiff challenges U.S. Fish and Wildlife Service's ("FWS") decision to issue a Captive Bred Wildlife ("CBW") permit to Curtis and Berni Shepperson as violative of the Endangered Species Act ("ESA").

2.    FWS's issuance of this permit allows activities that are expressly prohibited by Section 9 of the ESA, 16 U.S.C. § 1538. The agency approved the permit application in violation of the plain language of the ESA, which authorizes the FWS to permit otherwise prohibited activities only on a case-by-case basis, after public notice of each application, public access to each application, public opportunity to comment on each such application, and after the agency makes and publishes specific findings, including that the permit was "applied for in good faith," and that issuance of the permit will "not operate to the disadvantage of" the subject endangered species and "will be consistent with the purposes and policy set forth" in the ESA. 16 U.S.C. § 1539(a), (c), (d). The FWS's approval of the Sheppersons' permit application is not in

1

accordance with the ESA, arbitrary, capricious, an abuse of discretion, in excess of FWS's statutory authority, and without observance of procedure required by the ESA; accordingly, the approval violates the Administrative Procedure Act. 7 U.S.C. § 706(2)(a), (c), (d).

## Jurisdiction and Venue

3. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331.

4. This Court may grant the relief requested under 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief) and 5 U.S.C. §§ 701-706 (Administrative Procedure Act).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because, on knowledge and belief, the unlawfully issued permit that is the subject of this lawsuit was issued from the U.S. Fish and Wildlife Service's Division of Management and Authority office in Arlington, Virginia, which lies within the Alexandria Division of the Eastern District of Virginia.

## Parties

6. Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA"), is a Virginia nonprofit corporation headquartered at 501 Front St., Norfolk, Virginia 23510.

7. PETA gathers information about captive animals, including captive endangered animals, and provides this information to its members through its website, magazine, action alerts, blog, and other materials that it disseminates. PETA also disseminates this information to the news media and uses it in preparing comments to legislative and administrative bodies. Because PETA is unable to obtain information through the Section 10 permitting process, PETA is hindered in its ability to provide its informational services.

2

8.      The FWS's unlawful approval of the Sheppersons' CBW permit application injures PETA. By failing to comply with the process mandated by section 10 of the ESA, defendants have violated PETA's statutory right to obtain the information mandated for "each" application for a section 10 permit. As a result, PETA is unable to keep its members fully informed concerning the take of captive bred wildlife through its website, magazine, action alerts, blog, and other materials that it disseminates. PETA's injuries will be redressed if it prevails, because, as a result, the FWS will be required under section 10 of the ESA to publish notice of any application by the Sheppersons in the Federal Register, and PETA will receive such notice and will have access to all application materials as a matter of public record. FWS will further be required, if it decides to issue the Sheppersons a CBW permit, to publish findings in the Federal Register, and PETA will thereby have access to these findings.

9.      Defendant ROWAN GOULD is sued in his official capacity as the Acting Director of the Fish and Wildlife Service, the federal agency to which the Secretary of the Interior has delegated the responsibility of implementing the ESA and its regulations with respect to terrestrial species. Mr. Gould is charged with administering the ESA.

10.     Defendant KEN SALAZAR is sued in his official capacity as the Secretary of the Interior ("Secretary"). The Secretary is the federal official who bears ultimate responsibility for implementation of the ESA.

11.     Defendant UNITED STATES FISH AND WILDLIFE SERVICES is the federal agency to which the Secretary of the Interior has delegated the responsibility of implementing the ESA and its regulations with respect to terrestrial species.

3

## Statutory Framework and Facts Giving Rise to Plaintiff's Claim for Relief

### A.    *Statutory and Regulatory Framework*

12.    Section 9 of the ESA prohibits the "taking" of any endangered species. 16 U.S.C. § 1538(a). The ESA defines the term "take" to include "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." *Id.* § 1532(19).

13.    Section 9 further provides that it is unlawful to "possess, sell, deliver, carry, transport, or ship" any endangered species that is unlawfully taken. *Id.* § 1538(a). Section 9 also makes it unlawful to "deliver, receive, carry, transport, or ship in interstate commerce . . . in the course of a commercial activity" any endangered species. *Id.*

14.    These prohibitions apply to endangered animals bred in captivity, as well as to those in the wild, unless a lawful section 10 permit has been issued by the FWS.

15.    Section 10(a)(1)(A) of the ESA authorizes the FWS to issue a "permit" for any act that is otherwise prohibited by section 9, but only if such act is "for scientific purposes or to enhance the propagation or survival of the affected species." *Id.* § 1539(a)(1)(A).

16.    Section 10 further provides that the FWS "shall publish notice in the Federal Register of each application for an exemption or permit which is made under [section 10]," *id.* § 1539(c), and requires that "[e]ach notice shall invite the submission from interested persons, within thirty days after the date of the notice, of written data, views or arguments with respect to the application . . . ." *Id.* Section 10 also mandates that "[i]nformation received by the [FWS] as a part of any application shall be available to the public as a matter of public record at every stage of the proceeding." *Id.*

17.    The FWS may grant exceptions under section 10(a) "only if [it] finds and publishes . . . in the Federal Register that (1) such exceptions were applied for in good faith, (2) if granted and exercised will not operate to the disadvantage of such endangered species, and (3) will be consistent with the purposes and policy" of the Act. *Id.* § 1539(d).

**B.    *Facts Giving Rise to Plaintiff's Claim***

18.    On information and belief, in or around February, 2010, the FWS's Arlington, Virginia-based Division of Management Authority issued a captive bred wildlife permit to Curtis and Berni Shepperson, authorizing them to take captive-bred endangered species. Prior to issuing this permit, FWS did not provide notice of the permit application in the Federal Register; did not invite the submission from interested parties of written data, views, or arguments with respect to the application; and did not publish findings in the Federal Register that the permit was applied for in good faith, would not operate to the disadvantage of the subject endangered species, and would be consistent with the purposes and policy set forth in the ESA. In addition, FWS has not made the information received as a part of this permit application available to the public as a matter of public record.

<u>**Plaintiff's Claim for Relief**</u>

***Violations of the APA and Section 10 of the ESA***

19.    Each allegation set forth in the Complaint is incorporated herein by reference.

20.    In approving the Sheppersons' application for a captive bred wildlife permit defendants have violated the procedural requirements of section 10(c) of the ESA that they "shall publish notice in the Federal Register of each application for an exemption or permit which is made under this section;" that "[e]ach notice shall invite the submission from interested parties, within thirty days after the date of the notice, of written data, views, or arguments with respect to

the application;" and that "[i]nformation received by the Secretary as a part of any application shall be available to the public as a matter of public record at every stage of the proceeding." 16 U.S.C. § 1539(c). Defendants also violated section 10(d) of the ESA by failing to find and publish findings "in the Federal Register that (1) such exceptions were applied for in good faith, (2) if granted and exercised will not operate to the disadvantage of such endangered species, and (3) will be consistent with the purposes and policy set forth in section 1531 of this title." *Id.* § 1539(d).

21.    In so violating the mandates of section 10 of the Act, defendants have acted arbitrarily and capriciously, abused their discretion, acted contrary to law, acted in excess of their statutory authority, and acted without observance of procedure required by the ESA in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

22.    This violation of law has caused and continues to cause, plaintiff's injuries as described in ¶¶ 6-8.

### *REQUEST FOR RELIEF*

WHEREFORE, plaintiff requests that the Court issue an order:

(1)    declaring that defendants have violated the Endangered Species Act and the Administrative Procedure Act;

(2)    setting aside defendants' approval of the Sheppersons' CBW permit application and enjoining implementation of the permit;

(3)    enjoining defendants from allowing the Sheppersons to engage in any activities with respect to any captive bred endangered species that are prohibited by section 9 of the ESA to occur without first issuing a permit in accordance with all of the substantive and procedural requirements of section 10 of the ESA;

(4)     awarding plaintiff its costs and reasonable attorneys' fees; and

(5)     awarding plaintiff any other relief that the Court may deem just and proper.

Dated: August 3, 2011                                   Respectfully submitted,

Jeffrey S. Kerr
VA Bar No. 42122
Attorney for Plaintiff
PETA Foundation
1536 16th Street, N.W.
Washington, DC 20036
(202) 540-2171
(202) 540-2208 (facsimile)
jeffk@petaf.org

7